**PURSE SEINER SERVICES (SAMOA), INC., Plaintiff**

**v.**

**TAGALOA LANG TAUFETEE dba LOA'S TRAVEL, Defendant**

High Court of American Samoa
Trial Division

CA No. 2-95

January 16, 1996

Before KRUSE, Chief Justice, and SAGAPOLUTELE, Associate Judge.

Counsel:     For Plaintiff, William H. Reardon
             For Defendant, Afoafouvale Lutu

Opinion and Order:

Plaintiff owns and operates a travel agency with direct access to airline ticket stock. Defendant also owns and operates a travel agency but has only had access to airline stock through plaintiff. At all relevant times, defendant sold airline tickets for plaintiff at an agreed commission of 5% on cash receipts and 3% on American Samoa Government travel vouchers. The latter was only payable upon plaintiff's receipt of payment from the government on its travel vouchers. At the outset of the parties relationship, which began May 1994, plaintiff dealt with defendant on a cash basis. A few months later, on or about August 1994, defendant sought and was extended credit. It was the parties' management, or mismanagement, of that credit facility that subsequently resulted in the eventual dismissal of plaintiff's then sales manager, and the ensuing law suit now before the court. According to plaintiff's reckoning of accounts, defendant owed it $50,041.06.

After exchanging accounts reconciliation efforts, at the urging of the court, defendant accepted, and accordingly stipulated in open court, to the extent of $23,422.21, of the amount claimed by plaintiff. The issue then remaining for trial was whether defendant owed the difference, namely, $26,618.85. Of this amount, plaintiff indicated its willingness to concede, as *de minimis*, defendant's claim of $870.50, said to be her commission share on unused ticket refunds. On the basis of this concession, the court is prepared to give defendant the benefit of the doubt and apply the sum of $870.50 in her favor.

158

As to the remaining $25,748.35 in contention, defendant claims that she had already turned in a substantial amount of money to Cecil Fairholt, plaintiff's sales manager at the time, who did not always give her a receipt for the cash that she gave him. Fairholt, on the other hand, testified that while receipts were not always issued contemporaneously when cash was picked up from defendant, receipts were eventually issued for everything turned in by defendant.

We are satisfied that plaintiff's reconciliation of accounts, based on the extent of its records, was correctly compiled. By comparison, we find defendant's submission to be on dubious footing. She claims that she has turned over all funds that she had received for ticket sales but for approximately $15,000, which she seems to think is about what her account should be. The principal basis of defendant's claim is a log which she testified she had kept for the purpose of recording cash payments, as she made them to either Fairholt or others of plaintiff's staff. After careful review of this log, however, we are unable to accept plaintiff's claim that the log's holographic entries reflect a chronology of contemporaneous recordings of cash disbursements made from time to time. Rather, the log appears more like a reconstruction exercise undertaken at one time, ostensibly in preparation for trial. In our assessment, this log is hardly trustworthy evidence of defendant's claim.

We find that the evidence preponderates in favor of plaintiff's version of the accounts as presenting the more accurate picture of the accounts between the parties. We, therefore, conclude that defendant is, in addition to the conceded indebtedness of $23,422.21, further indebted to plaintiff in the sum of $25,748.35. The clerk will enter judgment accordingly in favor of plaintiff, and against defendant, in the total sum of $49,170.56.

It is so ordered.